## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS E. SCHERER,

      Plaintiff,

      v.                            Case No.  06-2446-JWL

STATE OF KANSAS, et al.,

      Defendants.
_____

## MEMORANDUM AND ORDER

Plaintiff Thomas E. Scherer filed this lawsuit on October 16, 2006, along with an application for leave to file this action without payment of fees or security, i.e., in forma pauperis. On October 23, 2006, United States Magistrate Judge James P. O'Hara denied Mr. Scherer's IFP application. This matter is before the court on Mr. Scherer's objections to the magistrate judge's order denying his IFP application (doc. #4). For the reasons explained below, the court finds that the magistrate judge's ruling was not clearly erroneous or contrary to law and, therefore, Mr. Scherer's objections are overruled. Mr. Scherer shall pay the required filing fee no later than **November 10, 2006**.

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a).  The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  By contrast, the "contrary to law" standard permits "plenary review as to matters of law."  *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

The federal IFP statute, 28 U.S.C. § 1915, is intended to benefit those too poor to pay or give security for the costs of litigation.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  It prevents federal courts from denying a person the opportunity to commence, prosecute, or defend a civil or criminal action solely because their poverty makes it impossible to pay the costs of litigation.  *Id.*  Under the statute, a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses, that the person is

---

[1] Notwithstanding the statute's use of the term "prisoner," it applies to all persons applying for IFP status, and not just to prisoners.  *Lister v. Dep't of Treasury*, 408 F.3d 1309,

unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Proceeding IFP is a privilege, not a right. *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). The district court has discretion whether to grant leave to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

In this case, the magistrate judge's ruling was not clearly erroneous or contrary to law. The court has reviewed the affidavit of financial status submitted by Mr. Scherer in support of his IFP application. The magistrate judge correctly noted that Mr. Scherer stated that his monthly obligations total $761; that he receives monthly Social Security and VA benefits, but that he did not provide the amount which he receives from those benefits; that Mr. Scherer has $800 cash on hand in his checking and savings accounts; that Mr. Scherer stated that he has $43,000 in equity in his house which he estimates has a value of $97,000[2]; and that Mr. Scherer owns, without debt, a 2000 Nissan Maxima and a 1981 Chevrolet Corvette with a present estimated fair market value of $14,000 for both. The magistrate judge concluded that, "notwithstanding plaintiff's conclusory representation that he presently has more expenses than income and is 'liquidating assets for food, clothing, and shelter,' it appears to the court, at least based on the very limited information that plaintiff has chosen to provide that he does in fact have sufficient financial resources to pay the court's filing

---

1312 (10th Cir. 2005).

[2] The financial affidavit does not disclose a mortgage on the home, and thus the court does not understand why Mr. Scherer believes that he only has $43,000 in equity on a $97,000 home. The discrepancy is immaterial, however, because either amount of equity provides Mr. Scherer with ample resources to pay a $350 filing fee.

fees." Mem. & Order (doc. #3), at 2. As alluded to by the magistrate judge, Mr. Scherer did

not submit a complete statement of his assets. Although he relies on a conclusory allegation

that he has more expenses than income, he chose not to provide the information requested

in section III(E) of the form affidavit concerning the amounts of his income.[3]  Consequently,

he has not provided any facts which establish that his monthly expenses exceed his monthly

income such that he would be unable to pay the filing fee from his monthly cash flow.

Additionally, it appears that Mr. Scherer has tens of thousands of dollars of equity in his

home. And, he owns one extra vehicle, a 1981 Corvette.[4]  Based on these facts, the court

agrees with the magistrate judge that Mr. Scherer did not submit an affidavit which

establishes he is unable to pay the filing fee.

In Mr. Scherer's objections to the magistrate judge's order, he argues that examining

an applicant's assets is not proper in determining eligibility for IFP status. This argument

is without merit for two reasons. First, the argument is inapposite because, even leaving

aside the amount of Mr. Scherer's equity in his home and automobiles, in his affidavit he did

---

[3] Specifically, the form affidavit asks the IFP applicant to "describe each source of
money and state the amount received from each during the past 12 months." In response to
this question, Mr. Scherer did not state any specific amounts received. He simply responded
that he earned meager interest on bank accounts, that he lives on SSDI and VA checks, and
that he used those funds to run for Congress and to help others as a civil rights activist.

[4] The court discounts the $800 cash on hand largely because he states this includes
expenses for October, which presumably were $761. His cash on hand at the time of his
application, then, was barely enough to cover his October living expenses. Thus, the fact that
he had only $20 at the time he filed his objections to the magistrate judge's order does not
change the court's analysis.

not provide the requested cash flow information relating to his income. Therefore, even if the court were to disregard Mr. Scherer's equity in his home and automobiles in determining his ability to pay, the court would nonetheless still have insufficient factual information from which it could find that Mr. Scherer is unable to pay the filing fee based on his monthly cash flow.

Second, the argument itself is incorrect. The applicable statute requires "an affidavit that includes a **statement of all assets** such prisoner[5] possesses, that the person is unable to pay such fees." § 1915(a) (emphasis added). Thus, in requiring the applicant to provide a statement of assets, the statute implies that the court is to determine the applicant's ability to pay based on the applicant's assets, not merely his or her income. Indeed, federal courts have historically looked to assets such as equity in real estate and automobiles in determining eligibility for IFP status. *Compare Unites States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004) (denying leave to proceed IFP where applicant had $80,000 of equity in real estate and ownership of two fairly new automobiles with a combined value of $30,000); *In re Fromal*, 151 B.R. 733, 734-35 (E.D. Va. 1993) (same, where applicant had substantial real estate

---

[5] To be sure, the statute refers to the "assets such *prisoner* possesses" rather than the "assets such *person* possesses." The phrase "that includes a statement of all assets such prisoner possesses" was added by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-66 (1996). It is generally well accepted that use of the term "prisoner" in this phrase in the final version of the statute was a typographical error which should read "person." *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997) (reviewing the legislative history of this phrase); *Martin v. Substitute Teachers Unlimited*, Case No. 06-14214, 2006 WL 2850339, at *1 (E.D. Mich. Oct. 3, 2006); *Bright v. Hickman*, 96 F. Supp. 2d 572, 575 n.5 (E.D. Tex. 2000).

holdings); *Failor v. Califano*, 79 F.R.D. 12, 13 (C.D. Pa. 1978) (same, where applicant had $20,000 in equity in her home), *with Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (granting IFP status where, among other things, the applicant owned no real estate or automobiles). Thus, the magistrate judge's ruling was not clearly erroneous or contrary to law insofar as he relied on Mr. Scherer's equity in his home and automobiles in denying IFP status.

Mr. Scherer also contends that the magistrate judge erred in denying him IFP status because he was recently granted IFP status in state district court. The legal standards applicable to IFP status in state court, however, are not synonymous with those applicable in federal court. As explained previously, Mr. Scherer's eligibility for IFP status in this case is governed by the federal statute, 28 U.S.C. § 1915, as well as federal precedent under that statute. In contrast, the law cited by the judge in Mr. Scherer's state court action is Kansas Supreme Court Rule 2.04, which states that the appellate docket fee is excused when the judge makes a determination of indigency. The judge in the state court case defined "indigent as having insufficient liquid assets in excess of his normal living expenses to be able to timely prosecute the action on appeal." Journal Entry and Cert'n of Indigency in Case No. 06 CV 3097 in the District Court of Johnson County, Kansas. The legal standard recited by that state court judge, however, is not the governing legal standard in this federal lawsuit.

Mr. Scherer also suggests that, if his affidavit was insufficient, the magistrate judge should have conducted a more thorough examination of his financial status. The statute does not require any such further inquiry. The statute, by its plain language, requires the applicant

6

to submit an affidavit establishing he or she is unable to pay the filing fee in order for the court to authorize the applicant to proceed IFP.  The court has located no authority which would suggest that Mr. Scherer was entitled to a hearing on the matter.

Lastly, Mr. Scherer contends that the magistrate judge erred in referring to prior denials of IFP status in prior lawsuits in this court.  The court does not understand the magistrate judge's order, however, to suggest that he relied on those prior denials as a reason for denying his current IFP application.  Rather, the magistrate judge simply made this observation in a footnote in his order.  The reasoning contained in the order itself clearly refers to the contents of the affidavit Mr. Scherer submitted in connection with his current IFP application.

In sum, the affidavit submitted by Mr. Scherer in support of his IFP application does not reflect that he is unable to pay the costs associated with this litigation.  Accordingly, the magistrate judge's ruling denying his motion was not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Scherer's objections to the magistrate judge's order denying his IFP application (doc. #4) are overruled.  Mr. Scherer shall pay the required filing fee no later than **November 13, 2006**.

**IT IS SO ORDERED** this 1st day of November, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

7