# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**THOMAS E. SCHERER,**

    **Plaintiff,**

    **v.**                                           **Case No.  06-2446-JWL**

**STATE OF KANSAS, et al.,**

    **Defendants.**

_____

## MEMORANDUM AND ORDER

Plaintiff Thomas E. Scherer filed this lawsuit on October 16, 2006, along with an application for leave to file this action without payment of fees or security, i.e., in forma pauperis. On October 23, 2006, United States Magistrate Judge James P. O'Hara denied Mr. Scherer's IFP application. In a Memorandum and Order dated November 1, 2006, this court overruled Mr. Scherer's objections to the magistrate judge's order denying his IFP application. This matter is now before the court on Mr. Scherer's motion to reconsider (doc. #6) this court's Memorandum and Order dated November 1, 2006. For the reasons explained below, the court finds that Mr. Scherer still has not presented grounds showing that the magistrate judge's ruling was clearly erroneous or contrary to law and, therefore, Mr. Scherer's motion for reconsideration is denied. Accordingly, on or before **December 22, 2006**, Mr. Scherer shall pay the required filing fee or, alternatively, he may file another IFP

application for the magistrate judge's consideration which contains complete and updated information concerning his financial status.

In ruling on Mr. Scherer's motion for reconsideration, the court wishes to reiterate, as a threshold matter, that this court is reviewing the magistrate judge's order only to determine if it was "clearly erroneous or contrary to law." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen*, 468 F.3d at 658 (quotation omitted). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

The court's review of the current matter is even further constrained by the fact that it is a motion to reconsider. A motion seeking reconsideration of a non-dispositive order must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule

7.3(b). Reconsideration is also appropriate where a court "has obviously misapprehended a party's position on the facts or the law." *Hammond v. City of Junction City*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001). Whether to grant or deny a motion to reconsider is committed to the district court's sound discretion. *Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001).

In Mr. Scherer's motion for reconsideration, he explains that he is attempting to liquidate assets, but that he has not yet been able to do so. This argument reflects changed circumstances since Mr. Scherer's original IFP application. Consequently, this argument was not presented to the magistrate judge and therefore this court will not consider it. *See McCormick v. City of Lawrence*, Case No. 02-2135-JWL, 2005 WL 1606595, at *6 (D. Kan. July 8, 2005) (district court will not consider arguments not raised before the magistrate judge; citing case law); *cf. Clark v. Poulton*, 963 F.2d 1361, 1371 (10th Cir. 1992) ("[A]s to section 636(b)(1)(A) determinations by the magistrate, the district court conducts a limited review similar to an appellate court.").

To the extent that Mr. Scherer contends that the court erred in considering his non-liquid assets as a means to pay the filing fee and to the extent that he once again points out that he was granted indigent status in Kansas state court, Mr. Scherer's motion is denied on the grounds that these arguments are merely a rehash of the arguments he previously raised in his objections to the magistrate judge's order. *See Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (motion to reconsider is not an opportunity to rehash previously rejected arguments or to offer new legal theories or facts).

3

Consequently, those arguments do not present appropriate grounds for reconsideration of the court's prior Memorandum and Order.

Mr. Scherer also asks the court to allow him to post security "as provided in § 1915(a)." Specifically, the IFP statute provides as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or *security therefor*, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1) (emphasis added). The required payment to commence a civil action, however, is "a filing fee of $350," 28 U.S.C. § 1914(a), not security therefor. Thus, the court believes that the "security therefor" verbiage in § 1915(a)(1) refers not to an alternative to paying the statutorily required filing fee, but rather to instances in which security is required to prosecute or defend a proceeding. *See, e.g.*, Fed. R. Civ. P. 65(c) (requiring security for the issuance of a restraining order or preliminary injunction); *id.* Rule 65.1 (same, for proceedings against sureties). Accordingly, Mr. Scherer's request to post security in lieu of paying the filing fee is denied.

In sum, then, the court does not believe that the magistrate judge's ruling denying Mr. Scherer's motion for leave to proceed IFP was clearly erroneous or contrary to law. Nonetheless, Mr. Scherer states that "if this federal court wants an amended affidavit with more specific details related to financial status and cash flow then I will provide that at a hearing in person." Although the court already rejected Mr. Scherer's argument that he is entitled to a hearing on the matter, the court recognizes that the original affidavit Mr. Scherer

submitted in support of his IFP application was incomplete; he apparently now realizes that it was incomplete and believes he can provide more complete information; and, additionally, it appears that Mr. Scherer's circumstances may have changed in the months since his original IFP application.  Accordingly, the court will grant Mr. Scherer leave to file another motion for leave to proceed IFP.  In doing so, he would be well advised to be mindful that he should set forth full and complete information in his affidavit of financial status so that the magistrate judge can evaluate his ability to pay the required filing fee.  Again, the magistrate judge is not required to convene a hearing on the matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Scherer's motion to reconsider (doc. #6) this court's Memorandum and Order dated November 1, 2006, is denied.  Accordingly, no later than **December 22, 2006**, Mr. Scherer shall pay the required filing fee or, alternatively, he may file another IFP application for the magistrate judge's consideration which contains complete and updated information concerning his financial status.

**IT IS SO ORDERED** this 12th day of December, 2006.

                                                          s/ John W. Lungstrum
                                                          John W. Lungstrum
                                                          United States District Judge