IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS E. SCHERER,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　　　　**Case No.  06-2446-JWL**

**STATE OF KANSAS, et al.,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

Plaintiff Thomas E. Scherer filed this lawsuit on October 16, 2006, along with an application for leave to file this action without payment of fees or security, i.e., in forma pauperis.  The court ultimately denied Mr. Scherer's motion for leave to proceed IFP, but without prejudice to him filing another IFP application containing more complete and updated financial information.  Mr. Scherer then filed another motion for leave to proceed IFP.  After a hearing on the matter, on January 22, 2007, United States Magistrate Judge James P. O'Hara issued an order denying that motion and directing Mr. Scherer to pay the required filing fee no later than February 1, 2007.  When Mr. Scherer failed to pay the filing fee by that date, Judge O'Hara issued a Report and Recommendation (doc. #14) on February 7, 2007, in which he recommended that the court dismiss this case without prejudice under Fed. R. Civ. P. 41(b).  This matter is now before the court on Mr. Scherer's objections (doc.

#16) to that Report and Recommendation. For the reasons explained below, Mr. Scherer's objections are overruled and this case is dismissed without prejudice.

It is important to note that the current procedural posture of this case is attributable to two separate orders by the magistrate judge. First, he issued an order on January 22, 2007, denying plaintiff's motion for leave to proceed IFP. Rule 72(a) of the Federal Rules of Civil Procedure requires a party to file written objections to a magistrate judge's order within ten days, or "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Plaintiff did not file any objections within ten days of the magistrate judge's January 22, 2007, order and therefore he has waived any objections to the magistrate judge's ruling denying his motion for leave to proceed IFP. *See Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 706 (10th Cir. 1998); *Pippinger v. Rubin*, 129 F.3d 519, 533-34 (10th Cir. 1997); *Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993).[1]

---

[1] Even if the court were to consider plaintiff's objections, the court would not find the magistrate judge's order requiring plaintiff to pay the filing fee to be clearly erroneous or contrary to law. The magistrate judge carefully considered plaintiff's motion for leave to proceed IFP, he conducted a hearing to give plaintiff the opportunity to present evidence of his inability to pay the filing fee (the recording of which this court has reviewed), and he gave sound reasons for finding that plaintiff has not shown he does not have the ability to pay the required filing fee—namely, a net worth in excess of $100,000 and monthly income which exceeds his monthly obligations by approximately $850. For the same reason, the court would reject plaintiff's argument that he should be permitted to make monthly payments toward the docketing fee. Additionally, the court previously considered and rejected plaintiff's argument that he should be permitted to post security in lieu of paying the filing fee.

Second, the magistrate judge issued a report and recommendation on February 7, 2007, in which he recommended that the court dismiss this case without prejudice because plaintiff failed to pay the required filing fee. This order recommends a dispositive ruling. Consequently, this court reviews the matter pursuant to Rule 72(b) of the Federal Rules of Civil Procedure under which this court must make a de novo determination as to the magistrate judge's findings of fact and recommendations. *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). The magistrate judge correctly found that plaintiff has not paid the required filing fee. Additionally, this court notes that plaintiff was forewarned about the consequences of not paying the filing fee because the magistrate judge told plaintiff that he would recommend that this case be dismissed without prejudice if plaintiff did not pay the required filing fee. *See* Order (doc. 12), at 3. And, it is clear that plaintiff does not intend to pay the filing fee because the magistrate judge noted that plaintiff stated that if the court were to deny his motion for leave to proceed IFP he did not intend to pay the required filing fee. *See id.* at 3 n.7. The magistrate judge also correctly recommended that this case be dismissed. Rule 41(b) provides the court with discretion to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court."[2] Here, by not paying the required filing

---

[2] The propriety of a dismissal *with* prejudice must be determined with reference to the *Ehrenhaus* criteria. *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)). The Tenth Circuit, however, has indicated that these factors should not apply when the dismissal is *without* prejudice because such a dismissal "is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint." *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. 2005).

fee plaintiff has failed to prosecute this case and he has failed to comply with this court's order requiring him to pay the filing fee. Consequently, dismissal of this case is warranted. *See Cosby v. Meadors*, 351 F.3d 1324, 1332-33 (10th Cir. 2003) (affirming district court's dismissal because of the plaintiff's failure to pay the required filing fee).

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Scherer's objection (doc. #16) to the magistrate judge's Report and Recommendation is overruled. Accordingly, this case is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 7th day of March, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

To be sure, such a dismissal can be an extreme sanction if the statute of limitations bars refiling, *Florence*, 153 Fed. Appx. at 480, but there is nothing in the record to suggest that this might be a potential concern here.